UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANEKA MCLEOD, | |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | 24-CV-4834 (HG) (LB) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

**HECTOR GONZALEZ,** United States District Judge:

*Pro se* Plaintiff Taneka McLeod filed the instant action against Defendant Portfolio Recovery Associates, LLC on July 11, 2024, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1 (Complaint). On August 5, 2024, the Court directed Plaintiff to show cause, in writing, why her case should not be dismissed for failure to allege an injury-in-fact sufficient to establish federal jurisdiction. ECF No. 4 (Order to Show Cause). On that same date, the Court granted her application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 for the limited purpose of the Order to Show Cause. *Id.* Plaintiff responded to the Order to Show Cause on August 23, 2024. ECF No. 5 (Response to Order to Show Cause). For the reasons stated in the Order to Show Cause and explained below, this case is dismissed for lack of jurisdiction.

## DISCUSSION

Unlike state courts, "federal courts are courts of limited jurisdiction," *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978), and, under Article III, can only resolve "[c]ases and controversies in which a plaintiff has a personal stake," *TransUnion LLC v.*

*Ramirez*, 594 U.S. 413, 423 (2021).[1]  A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent." *Id*.  Where a plaintiff has not suffered such an injury-in-fact, that plaintiff lacks standing to sue, and the federal courts lack jurisdiction to entertain that plaintiff's claims.  *Id.*; *see also Spitz v. Caine & Weiner Co., Inc.*, No. 23-cv-7853, 2024 WL 69089, at *2 (E.D.N.Y. Jan. 5, 2024).  As the Supreme Court made clear in *TransUnion*, "an injury in law is not an injury in fact," and "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court."  594 U.S. at 427 (emphasis in original).  Thus, "even where a defendant violates a statute such as the FDCPA, the plaintiff has not necessarily suffered an injury-in-fact sufficient to establish Article III standing."  *Spitz*, 2024 WL 69089, at *2.  An injury qualifies as "concrete" where it bears "a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts," such as "physical and monetary harms, along with other traditional tangible harms, [as well as] certain intangible harms, such as reputational harm."  *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021).

As the Court explained in the Order to Show Cause, Plaintiff's Complaint failed to adequately plead or proffer plausible facts that demonstrated that she had suffered an injury-in-fact sufficient to establish Article III standing.  Plaintiff's response to the Court's Order to Show Cause does not fare any better.  Plaintiff explains that she suffered from "anxiety," "[e]xtreme mental headaches, and emotional harm," because of the alleged error on her credit report.  ECF No. 5 at 2.  These claims are insufficient to establish standing in FDCPA cases.  *See, e.g.*,

---

[1]  Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

*Maddox,* 19 F.4th at 66 (plaintiff's "perfunctory allegation of emotional distress" alone is "insufficient to plausibly allege constitutional standing"); *Brown v. Midland Credit Mgt.*, No. 24-cv-1184, 2024 WL 1623336, at *3 (E.D.N.Y. Apr. 15, 2024) (dismissing plaintiff's claim for lack of standing because she pled no facts to demonstrate that she suffered the sort of injury that would entitle her to relief); *Spitz*, 2024 WL 69089, at *4 ("[F]ear, anxiety, stress, increased heartrate, and difficulty with sleep [are not] injuries-in-fact, at least when they are asserted in the conclusory manner of these complaints. The reason these allegations can be repeated across cases in cookie-cutter complaints is that they don't really mean anything and can rarely be disproven."). Similarly, Plaintiff's claim in her response that she "wasted" her time, *see* ECF No. 5 at 2, is insufficient to establish standing absent a link to a concrete, tangible injury. *See, e.g.*, *Spitz*, 2024 WL 69089, at *3; *Grinblat v. Frontline Asset Strategies, LLC*, No. 22-cv-4467, 2023 WL 5002474, at *3 (S.D.N.Y. Aug. 4, 2023) (dismissing plaintiff's claims because "the expenditure of time alone is insufficient to establish standing unless it is inextricably linked to a concrete, tangible injury, which [p]laintiff has not shown here").

To the extent that Plaintiff seeks to argue that she "incurred consultation fees" in an effort to resolve her dispute, *see* ECF No. 5 at 2, the "hiring of an attorney does not support standing because the burdens of bringing a lawsuit cannot be the sole basis for standing." *Cavazzini v. MRS Associates*, 574 F. Supp. 3d 134, 144 (E.D.N.Y. 2021). Finally, Plaintiff's claims that she incurred "monetary cost . . . repairing [her] credit report," and "medical expenses for medication" to treat her headaches as a result of Defendant's communications are conclusory, and courts in this district have found similar claims insufficient to establish standing. *See, e.g.*, *Lewis v. Experian Info. Sols., Inc.*, No. 23-cv-857, 2024 WL 1308705, at *5 (E.D.N.Y. Mar. 27, 2024) (plaintiff's allegations that the defendants caused him "monetary loss" were not sufficient

3

to establish standing); *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No. 22-cv-1156, 2022 WL 1124828, at *2 (E.D.N.Y. Apr. 14, 2022) ("spending time and money because of mere concern and confusion" is not a "sufficiently concrete" injury unless "inextricably bound up in a cognizable injury, such as where a plaintiff faces *a sufficient risk of harm, and then* spends time, money, and effort mitigating that risk") (emphasis in original).  Accordingly, because the allegations in Plaintiff's Complaint and her response to the Court's Order to Show Cause, do not amount to a concrete injury sufficient to confer standing, the Court lacks jurisdiction over Plaintiff's FDCPA claims.

## **CONCLUSION**

In light of the foregoing, and for the reasons outlined in the Order to Show Cause, *see* ECF No. 4, Plaintiff's Complaint, which was filed IFP, is dismissed without prejudice for lack of subject matter jurisdiction.  *See Carter v. HealthPort Techs.*, *LLC*, 822 F.3d 47, 54 (2d Cir. 2016) ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice.").  The Court offers no opinion on whether Plaintiff might be able to pursue her claims in state court, which, unlike this Court, is not a court of limited subject matter jurisdiction.

The Clerk of Court is respectfully directed to enter judgment, close the case, and to mail a copy of this Order to the *pro se* Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: August 28, 2024
       Brooklyn, New York